IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAY MICHAEL BOUDREAUX,

    Petitioner,

v.

MICHAEL HENNESSEY,

    Respondent.

NO. C05-4176 TEH

ORDER DENYING PETITIONER'S REQUEST FOR STAY OF STATE COURT CONTEMPT ORDER

    Petitioner Ray Michael Boudreaux was subpoenaed to give testimony to a grand jury for the City and County of San Francisco regarding the murder of a San Francisco police officer on August 29, 1971. Boudreaux refused to answer certain questions, invoking his right against self-incrimination, and the prosecutor then requested that Boudreaux be compelled to answer those questions after being granted use, but not transactional, immunity. Boudreaux, on the advice of his counsel, continued to refuse to answer certain questions posed to him because he believed he was entitled to a grant of transactional immunity under a prior version of California Penal Code section 1324. San Francisco Superior Court Judge Robert Dondero found Boudreaux in contempt for his failure to answer the questions posed to him, and Boudreaux is currently incarcerated until either he chooses to testify or until the term of the grand jury expires on October 31, 2005, whichever comes sooner.

    In this action, Boudreaux seeks a writ of habeas corpus based on his contention that his incarceration violates his constitutional rights to due process and to be protected against the application of ex post facto laws. This Court held a hearing on Wednesday, October 19,

2005, on Boudreaux's emergency request to stay the state court contempt order on which he is currently being held so that Boudreaux would be immediately released from custody pending resolution of the merits of his habeas petition in this Court. Boudreaux bases his request for a stay on 28 U.S.C. § 2251, which provides that a federal court considering a habeas petition "may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." After carefully considering the parties' written and oral arguments, the Court now DENIES Boudreaux's request for a stay for the reasons discussed below.

As an initial matter, the Court agrees with Respondent that the standard for granting a stay is a high one. While Boudreaux correctly notes that a petitioner need not show that he will prevail on the merits, a petitioner must nonetheless demonstrate at least that the issues raised are debatable among reasonable jurists or that the issues raised are adequate to deserve encouragement to proceed further. *Vargas v. Lambert*, 159 F.3d 1161, 1166 (9th Cir. 1998) (citations omitted). In addition, "there must [also] be a likelihood that irreparable harm will result if [the] decision is not stayed." *Id.* (citations omitted). Moreover, when considering applications for a stay under § 2251, courts consider whether extraordinary circumstances exist that require a stay to make habeas relief effective or, put another way, whether the case presented is distinguishable from other habeas cases. *E.g., Bushnell v. Tracy*, No. C96-20189 RPA 1996 WL 2888444, at *1-2 (N.D. Cal. May 21, 1996); *St. John. v. North Carolina*, 745 F. Supp. 1165, 1167 (W.D.N.C. 1990); *Rado v. Meachum*, 699 F. Supp. 25, 26-27 (D. Conn. 1988). It cannot be disputed that a stay of proceedings under § 2251 is the exception rather than the norm.

Similarly, even if Boudreaux is correct that this Court need not presume the correctness of the contempt order leading to his incarceration because there has been no reasoned decision, Boudreaux cites no authority for the proposition that the Court should presume that the state court's order is incorrect. If the Court were to grant Boudreaux's requested relief – namely, immediate release from custody – that would effectively accept

2

Boudreaux's claims that he is being held unconstitutionally, thereby presuming that his claims were valid.  Nothing in habeas law requires or permits this result.  Indeed, were the Court to accept Boudreaux's position, any person currently held in custody could seek immediate release pending review of a habeas petition that asserted non-frivolous claims.  This simply is not the law.  Courts, including this Court, routinely order respondents in habeas cases to file answers to the petitions showing cause why the petitions should not be granted because, often, it is not apparent from the face of a petition whether habeas relief is or is not warranted.  *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.")  This does not, however, mean that courts routinely order release of the petitioners pending final review of petitioners' claims.  Boudreaux's counsel admitted at oral argument that he searched for but did not find any cases in which a court granted a stay in circumstances similar to this case, and the Court's independent research also revealed no such cases.

   Boudreaux attempts to analogize his situation to cases in which a court has stayed extradition or execution.  However, those cases are readily distinguishable for two reasons: first, because the nature of being extradited or put to death is vastly different from a short period of incarceration and, second, because petitioners in those cases nonetheless remain in custody, and it is only the extradition or execution that is stayed.  Here, Boudreaux seeks what appears to be unprecedented relief – full release from custody pending review of a habeas petition – but has not convinced the Court that this case is so extraordinary as to warrant such relief.

   Boudreaux's strongest argument is based on the parties' agreement that this Court will not be able to decide the merits of Boudreaux's habeas petition prior to October 31, which is the latest date on which Boudreaux will be released from custody.[1]  Thus, Boudreaux argues,

---

[1] Boudreaux will be released prior to that time if he agrees to answer the prosecution's questions during the ongoing grand jury proceedings.

3

1  if a stay is not granted, then the issues raised in his habeas petition will be rendered moot.
2  However, Boudreaux has failed to persuade the Court that this is the case; he has not, for
3  example, convinced the Court that the alleged violation of his constitutional rights cannot be
4  redressed after he is released from custody.  Additionally, Boudreaux has cited no precedent
5  for releasing a habeas petitioner from custody pending review of his or her habeas petition
6  based on the short term of the petitioner's confinement.

7       Finally, Boudreaux attempts to minimize the impact that a stay would have on the
8  state's interests in this case by arguing that the state has little interest in confining a person
9  for a mere additional thirteen days, especially when, according to Boudreaux's counsel,
10 Boudreaux has no intention of agreeing to provide testimony to the grand jury to end his
11 confinement.  However, the state "has a significant interest in the finality of its convictions,
12 and interference by a federal court has an impact on that interest." *Bushnell*, 1996 WL
13 288444, at *4.  The state also has a strong interest in being able to manage grand jury
14 proceedings, including the right to enforce subpoenas to testify at such proceedings.  Even if
15 Boudreaux intends not to testify, thereby making the attempted coercion of incarceration
16 ineffective, it does not follow that a federal court should prevent a state from using its powers
17 to attempt to compel his testimony.  Moreover, in asserting that the state has little interest in
18 a short-term incarceration, as opposed to execution of a person convicted to death,
19 Boudreaux undermines his own argument that his current incarceration is so harmful as to
20 warrant immediate intervention pending final resolution of his habeas claims.

21      In short, even if the Court presumes that Boudreaux's petition for habeas relief
22 presents colorable claims that are adequate to deserve encouragement to proceed further,
23 Boudreaux has failed to demonstrate the sort of irreparable harm or extraordinary
24 circumstances necessary to justify granting his immediate release from custody pending a
25 determination on the merits of his habeas claims.[2]  Boudreaux has presented this Court with

---

[2] In addressing the merits of Boudreaux's claims, the parties focused on his ex post facto claim, in which Boudreaux claims that the state courts acted unreasonably in concluding that the current use immunity statute can be applied to a 1971 alleged crime when the statute then in effect provided for transactional immunity if testimony were compelled.

4

no precedent for ordering the relief requested, and the Court fails to find this case so extraordinary as to justify unprecedented relief.  Accordingly, with good cause appearing, Boudreaux's request for a stay of proceedings and immediate release from custody is hereby DENIED.

**IT IS SO ORDERED.**

DATED   10/19/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

The Court need not and does not make any determination on the merits of Boudreaux's claims, but the Court nonetheless notes that Boudreaux has failed to make a substantial showing that he will prevail on his ex post facto claim.  Boudreaux's claim relies heavily on the Supreme Court's decision in *Stogner v. California*, 539 U.S. 607 (2003), in which the Court found a California law that changed the statute of limitations for sex-related child abuse to be unconstitutionally ex post facto as applied to crimes for which the original statute of limitations had expired.  However, unlike a law changing the applicable statute of limitations, the challenged law in this case does not alter the ability of the state to prosecute Boudreaux for murder, or other related crimes, allegedly committed in 1971.  Nor does it change the quantum of evidence required for a conviction or make the commission of any action that Boudreaux may have committed in 1971 more culpable.  *See Stogner*, 539 at 612 (citation omitted) (listing categories of ex post facto laws, including those that criminalize previously innocent behavior, aggravate a crime or make it greater than it was when committed, inflict a greater punishment, or alter the legal rules of evidence required to convict an offender).  Prior to the change in law, Boudreaux's testimony was never compelled, and Boudreaux was therefore never entitled to the transactional immunity provided for under the old statute.  As a result, it does not appear substantially likely that application of the revised statute violated Boudreaux's constitutional right to be protected against application of ex post facto laws.  Similarly, it is not apparent from the face of Boudreaux's petition that any of his claims are so meritorious that the requested writ of habeas corpus should be granted without offering Respondent an opportunity to show cause as to why the writ should not be granted.